**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | § | |
|---|---|---|
| **Jose Alberto Castruita Aguallo, and Tito Gutierrez,** | § § § § | |
| Plaintiffs, | § | EP-22-CV-00347-FM |
| | § | |
| v. | § | |
| | § | |
| **Felipe A. Cerda d/b/a Aguayo Roofing,** | § § | |
| Defendants. | § § | |

## ORDER GRANTING DEFAULT JUDGMENT

Before the court is "Plaintiff's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55" [ECF No. 10], filed February 14, 2023, by Jose Alberto Castruita Aguallo and Tito Gutierrez (collectively "Plaintiffs"). Therein, Plaintiffs request an entry of default judgment against Felipe A. Cerda d/b/a Aguayo Roofing (collectively, "Defendants").[1] The record reflects Defendants failed to respond to this Motion. After due consideration, Plaintiffs' Motion is granted.

### I.   BACKGROUND

Aguayo Roofing is a roofing company located and conducting business in El Paso, Texas. Felipe A. Cerda is the owner and operator of Aguayo Roofing.[2] Both Plaintiffs began working for the Defendants around February 2021 and remained in employment until April 2021.[3] Both

---

[1] "Plaintiff's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55" 3, ECF No. 10, filed Feb. 14, 2023.

[2] "Plaintiff's Original Complaint" 1, ECF No. 1, filed Sep. 29, 2022.

[3] *Id.* at 2.

1

worked as roofers.[4] Castruita's general work schedule required an average of fifty-nine hours per week.[5] Gutierrez's general work schedule required an average of fifty hours per week.[6] Castruita's rate of pay was $27.77 per hour or $250 per day.[7] Gutierrez's rate of pay was $20.00 per hour or $ 200 per day.[8]

Both Plaintiffs allege that Defendants did not pay Plaintiffs' overtime rates for hours worked in excess of forty hours per week.[9] Castruita requests $13,500.00 and an equal amount in liquidated damages.[10] Gutierrez requests $7,800.00 and an equal amount in liquidated damages.[11] Additionally, both Plaintiffs request the same amounts under the Texas Revised Code Chapter 61 Section 61.051.

Plaintiffs served Defendants on October 10, 2022, and an answer was due by October 31, 2022.[12] The record reflects that Defendants did not file an answer. Plaintiffs moved for an entry of default on December 20, 2022. After an entry of default was entered, Plaintiffs filed a motion for default judgment.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(b) provides two means by which a plaintiff

---

[4] *Id.*

[5] *Id.*

[6] *Id.* at 5.

[7] *Id.* at 3.

[8] *Id.* at 5.

[9] *Id.* at 3.

[10] *Id.*

[11] *Id.* at 6.

[12] "Affidavit of Special Process Server" 1, ECF No. 6, filed Oct. 22, 2022.

may obtain an entry of default judgment.[13] The plaintiff may apply to the clerk of the court for the entry of default judgment when the defendant is neither a minor nor an incompetent person, and the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation.[14] In all other cases, the party entitled to a judgment by default must apply to the court.[15] Rule 55(b) gives the court discretion to convene an evidentiary hearing on the issue of damages.[16] The court should hold an evidentiary hearing to ascertain the amount of damages where those damages are unliquidated or incapable of mathematical calculation.[17]

"[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered."[18] In evaluating what constitutes a "sufficient basis" for a default judgment, the Fifth Circuit held sufficiency is based on the standards of Federal Rule of Civil Procedure 8:

> Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[19]

---

[13] FED. R. CIV. P. 55(b).

[14] *Id.* at 55(b)(1).

[15] *Id.* at 55(b)(2).

[16] *Id.* at 55(b)(2)(B).

[17] *See James v. Frame,* 6 F.3d 307, 310 (5th Cir. 1993).

[18] *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (footnote omitted).

[19] *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (first quoting FED. R. CIV. P. 8(a)(2); then *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957); and then *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**III.     DISCUSSION**

  *A.     Fair Labor Standards Act*

The FLSA imposes both a minimum wage and maximum hours restriction on employers.[20] Specifically, section 207 sets the workweek at forty hours, and overtime compensation is to be not less than one and one-half hours the employees' standard rate for each overtime hour.[21] The FLSA's mandates apply to employees who are (1) "engaged in commerce or in the production of goods for commerce" ("individual coverage") or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage").[22] A plaintiff may invoke the FLSA under either individual or enterprise coverage.[23]

Based on the Plaintiffs' complaint and motion for default judgment, they are invoking enterprise coverage. An enterprise is held to the FLSA if it meets the following and an exception does not apply:

(i) Has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000. . .

Plaintiffs alleged that Defendant's enterprise had a volume of sales or business done of at least $500,000, and Plaintiffs worked with and handled construction materials, cleaning solvents,

---

[20] *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147 (2012) (citing 29 U.S.C. §§ 206-207).

[21] 29 U.S.C. § 207.

[22] *Brewer v. Garcia*, 2022 U.S. Dist. LEXIS 147625 *6 (W.D. Tex., May 11, 2022).

[23] *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992).

4

and goods which traveled across state lines.[24] The court finds that Plaintiffs have established Defendant's enterprise as one subject to FLSA's requirements.

To make out a *prima facie* FLSA claim, the employee must demonstrate by a preponderance of the evidence that: (1) "there existed an employer-employee relationship during the unpaid overtime periods claimed"; (2) "that the employer violated the FLSA's overtime wage requirements"; and (3) "the amount of overtime compensation due."[25] After the employee establishes a *prima facie* case, the burden shifts to the employer to "come forward with evidence of the precise amount of work performed or with evidence to [negate] the reasonableness of the inference to be drawn from the employee's evidence.[26] "If the employer fails to produce such evidence, the court may then award damages to the employee even though the result may only be approximate.[27]

In this case, Plaintiffs assert their FLSA claims against Felipe A. Cerde d/b/a Aguayo Roofing. In establishing an employer-employee relationship, the FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee."[28] Plaintiffs allege that Felipe A. Cerde is an employer because he (1) was the Plaintiffs' boss; (3) had the power to hire and fire the employees, including Plaintiffs; (3) had supervised and controlled the work schedules and conditions of employment; (4) determined the rate and method

---

[24] "Plaintiff's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55" 8, ECF No. 10, filed Feb. 14, 2023.

[25] *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

[26] *Id.* (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)).

[27] *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005).

[28] 29 U.S.C. 203(d).

of payment for employees; and (5) maintained employment records.[29] Given these allegations, Plaintiffs have met the employer-employee relationship element.

As to the second element, both Plaintiffs state they worked for Defendants from February 2021-April 2021. Each alleged that they were required to work overtime each week they were employed, but they were not paid their overtime wages.[30] Because Defendants were subject to FLSA requirements, Plaintiffs have properly alleged that the employer violated the FLSA's overtime wage requirements.

The final element is the amount of overtime compensation due. In support of damages, Plaintiff Castruita has alleged that he was paid a rate of $27.77 per hour and worked "a total of 171 hours of overtime," and put forth an affidavit requesting $ 13,500.00 in base unpaid overtime wages.[31] Plaintiff Gutierrez alleged that he was paid $20.00 per day and worked "a total of 90 hours of overtime," and put forth an affidavit requesting $7,800.00 in base unpaid overtime wages. Both Plaintiffs have met the final element of establishing the amount of overtime compensation due.

When it comes to awarding damages in a default judgment, a hearing is not necessary in this case because the damages are capable of mathematical calculation.[32] Going off of the Plaintiffs numbers individually, Castruita is owed $41.66 for his total unpaid overtime hours of 171.[33] This

---

[29] "Plaintiff's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55" 7, ECF No. 10, filed Feb. 14, 2023.

[30] "Plaintiff's Original Complaint" 1, ECF No. 3, filed Sep. 29, 2022.

[31] "Plaintiff's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55" 8–9, ECF No. 10, filed Feb. 14, 2023.

[32] *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (holding that a hearing is unnecessary if "the amount claimed is a liquidated sum or one capable of mathematical calculation.").

[33] Hourly rate is determined by multiplying Castruita's standard pay rate by one point five (time and a half).

yields a total unpaid overtime number of $7,123.86. Similarly, Gutierrez is owed $30 an hour for his total unpaid overtime hours of 90. This comes out to $2,700 in total unpaid overtime. These figures are quite different from the $13,500 and $7,800 requested in the Plaintiffs' exhibits, but courts will determine damages based on what the Plaintiffs actually plead.[34] The Plaintiffs exhibits are inconsistent with both the total overtime hours they claim and their stated hourly rates. The court cannot reconcile the differences between the exhibits and allegations and will determine damages based on Plaintiffs' alleged facts.

Plaintiffs requested liquidated damages and the FLSA's penalties lay out, "any employer who violates the provisions… of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation… and in an additional equal amount as liquidated damages."[35] Liquidated damages are not mandatory "if the employer shows to the satisfaction of the court that the act or omission giving rise to [the] action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]."[36] An employer "faces a substantial burden of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA.[37] A Defendant cannot meet this burden if it defaults.[38] Likewise, Defendants have not met that burden here; thus, Plaintiffs are

---

[34] *See D'Costa v. Abacus Foodmart Inc.*, 2023 U.S. Dist. LEXIS 14300 *12 (S.D. Tex. Jan. 26, 2023) (Awarding Plaintiff explicitly what he sought in his complaint.); *See Medina v. Fed. Janitorial Servs.*, 2013 U.S. Dist. LEXIS 187690 *9 (W.D. Tex. Sep. 24, 2013) (Not awarding Plaintiff requested lost wages because the statute does not award damages for lost wages for the period of time Plaintiff was unemployed.).

[35] 29 U.S.C. § 216(b).

[36] 29 U.S.C. § 260.

[37] *Singer v. City of Waco*, *Tex.*, 324 F.3d 813, 823 (5th Cir. 2003) (citation and quotation marks omitted).

[38] *See Hardy v. SDM Hosp, LLC*, 2022 U.S. Dist. LEXIS 16858 *14 (N.D. Tex. Jan. 10, 2022).

each entitled to liquidated damages equal to the amount of unpaid overtime wages awarded respectively.

        B.      *Texas Revised Code Chapter 61 Section 61.051*

Plaintiffs will not be awarded any damages under the Section 61.051 of the Texas Revised Code. That is because this court, plainly, does not have jurisdiction to entertain a claim under this statute. Section 61.051 gives employees—who have not been paid wages—a cause of action to file with the Texas Workforce Commission.[39] The statute does not give State Courts, much less a Federal Court, jurisdiction to hear such a claim. "Chapter 61 of the Labor Code—commonly referred to as the Texas Payday Law—provides for an administrative process with authority vested in the [Texas Workforce Commission] to review the payment of wages by employers."[40] "The Texas Payday Law provides a scheme for (1) the administrative review of wage-claim determinations and (2) timely filed requests for judicial review of the TWC's final administrative determinations."[41]

The Plaintiffs do not provide any factual allegations that show they filed a claim with the Texas Workforce Commission; much less, if this court could review such a decision if they had. As such, Plaintiffs' prayer for damages under this statute is denied.

        C.      *Attorney Fees and Costs*

Plaintiffs' counsel, James M. Dore, requests $3,949.85 in total attorney's fees and $656.00 in total costs. Counsel put forth his affidavit in which he attests that he worked 9.85 hours on the

---

[39] TEX. LAB. CODE § 61.051(a).

[40] *Cooper v. Tex. Workforce Comm'n.*, 2022 Tex. App. LEXIS 4984 *6 (Tex. App.—Eastland July 21, 2022).

[41] *Id.* at *7.

case and his hourly rate is $400.00.[42] The FLSA states, "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."[43]

In the Fifth Circuit, a district court must apply a two-step method for determining a reasonable fee award.[44] First, a district court is to calculate the "lodestar" by multiplying the reasonable hourly rate by the number of hours reasonably expended on the litigation.[45] A fee applicant bears the burden of demonstrating that the hours expended and the rates charged by counsel are reasonable.[46] Second, a court should consider whether to enhance or decrease the lodestar based on the *Johnson* factors.[47] The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[48]

---

[42] "Plaintiff's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55" 16, ECF No. 10, filed Feb. 14, 2023.

[43] 29 U.S.C. § 216(b).

[44] *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017).

[45] *Saldivar v. Austin Indep. Sch. Dist.*, 675 F.App'x 429, 431 (5th Cir. 2017).

[46] *Burns v. Nielsen*, No. EP-17-CV-00264-DCG, 2021 WL 534711 *3 (W.D. Tex. Feb. 12, 2021).

[47] *Portillo*, 872 F.3d at 741.

[48] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

The fee applicant also "bears the burden of showing that. . . an [upward] adjustment is necessary."[49] This burden is appreciable because "there is a strong presumption that the lodestar amount is a reasonable fee."[50]

Evidence typically proffered to help a district court determine reasonable fees include affidavits from local attorneys, state bar surveys, and attorneys' fees in similar cases.[51] Plaintiff only provides his affidavit claiming $400.00 is a reasonable hourly rate. Cases in this division yield the following results: In *Mendez v. FIT Transport Logistics, Inc.*, an El Paso Federal Court awarded attorney's fees at the hourly rate of $350 in a personal injury case.[52] In *Sanchez v. Professional Collection Consultants*, this court determined that an hourly rate of $225 for a motion to compel was reasonable in 2011.[53] In *Nevarez law Firm, PC v. Dona Ana Title Company*, a fraudulent real estate transaction case, the court determined that $300 was a reasonable hourly rate for a veteran trial attorney.[54] In *Medina v. Fed. Janitorial Servs.*, a FLSA default judgment case in El Paso, the court awarded $200 per hour to counsel.[55] In *Acosta v. Campos*, a default judgment

---

[49] *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 771 (5th Cir. 1996).

[50] *Saldivar*, 675 F.App'x at 431.

[51] *Miller v. Raytheon Co.*, 716 F.3d 138, 149 (5th Cir. 2013).

[52] *Mendez v. FIT Transp. Logistics, Inc.*, No. EP-20-CV-00270-DCG, 2020 WL 7264814 *2 (W.D. Tex. Dec. 10, 2020).

[53] *Sanchez v. Pro. Collection Consultants*, No. EP-10-CA-245-FM, 2011 WL 13324381 *2 (W.D. Tex. Apr. 29, 2011).

[54] *Nevarez L. Firm, PC v. Dona Ana Title Co.*, No. EP-15-CV-297-DB, 2017 WL 5653871 *5 (W.D. Tex. Mar. 24, 2017), *aff'd sub nom. Nevarez L. Firm, P.C. v. J. L. R.*, 699 F. App'x 353 (5th Cir. 2017).

[55] *Medina*, 2013 U.S. Dist. LEXIS 187690 at *18.

FLSA, AWPA, and breach of contract case, an El Paso court determined that $250 was a reasonable hourly rate.[56]

After considering counsel's affidavit and fee awards in prior cases in this division, the court determines that $300 is a reasonable hourly rate.

As to reasonable hours, Plaintiffs' counsel avers that he worked 9.85 hours on this case. These hours are broken down into work such as, "interview Plaintiffs regarding underlying facts," "draft complaint," and "draft affidavit or prove-up."[57] The court concludes that these hours are "reasonable" based on counsel's descriptions of the work and hours input.

Thus, with a reasonable hourly rate of $300 and reasonable hours of 9.85, the lodestar comes out to $2,955.00. Plaintiffs did not request an enhancement of the lodestar amount. Given that there is a "strong presumption that the lodestar amount is a reasonable fee," the court finds that this matter does not necessitate a lodestar enhancement or decrease.

Lastly, Plaintiffs' counsel states that costs include $402.00 for filing the complaint and $254.00 in service costs.[58] Courts agree that the filing fee is a recoverable cost, but courts are split on whether service costs are.[59] Given that the statute plainly says that a court awarding damages under the FLSA "shall" allow reasonable costs of the action, service of process is a reasonable cost of the action and shall be awarded.

---

[56] *See Acosta v. Campos*, 2014 U.S. Dist. LEXIS 184479 * 26 (W.D. Tex. Dec. 17, 2014).

[57] "Plaintiff's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55" 17, ECF No. 10, filed Feb. 14, 2023.

[58] *Id.*

[59] *Alejandro v. Prop. Care Sols. LLC*, 2022 U.S. Dist. LEXIS 141627 *19 (E.D. Tex. Aug. 9, 2022) (Denying costs for service because private process server fees are not specifically enumerated in § 1920); *see also D'Costa*, 2023 U.S. Dist. LEXIS 14300 at *19 (Denying service costs because the costs of a private process server are not recoverable under § 1920); *compare with Hardy*, 2022 U.S. Dist. LEXIS 16858 *16–17 (stating some Texas courts have determined that additional costs may be awarded to prevailing parties in FLSA cases); *see also Brewer*, 2022 U.S. Dist. LEXIS 147625 at *12–13 (awarding service costs in a FLSA default judgment case).

## IV.     CONCLUSION

Given the aforementioned reasons and analysis, the court enters the following orders:

1. It is **HEREBY ORDERED** that "Plaintiff's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55" [ECF No. 10] is **GRANTED**.

2. It is **FURTHER ORDERED** that Plaintiff Jose Alberto Castruita Aguallo is to recover $7,123.86 in total unpaid overtime wages and $7,123.86 in liquidated damages—totaling $14,247.72—to be recoverable from Felipe A. Cerda d/b/a Aguayo Roofing.

3. It is **FURTHER ORDERED** that Plaintiff Tito Gutierrez is to recover $2,700 in total unpaid overtime wages and $2,700 in liquidated damages—totaling $5,400—to be recoverable from Felipe A. Cerda d/b/a Aguayo Roofing.

4. It is **FURTHER ORDERED** that Plaintiffs' Texas Revised Code Chapter 61 Section 61.051 claims are **DISMISSED WITHOUT PREJUDICE**.

5. It is **FURTHER ORDERED** that Felipe A. Cerda d/b/a Aguayo Roofing **SHALL PAY** to Plaintiffs $2,955.00 in reasonable attorney's fees.

6. It is **FURTHER ORDERED** that Felipe A. Cerda d/b/a Aguayo Roofing **SHALL PAY** Plaintiffs $656.00 in chargeable costs.

7. It is **FURTHER ORDERED** that all monetary judgments awarded herein shall accrue post-judgment interest at the legal rate prescribed by 28 U.S.C. § 1961, calculated from the date of the Final Judgment.

**SIGNED AND ENTERED** this **3rd** day of **August 2023.**

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**